Clinton W. **WEBB**, Appellant,

v.

**UNITED STATES of America**,
Appellee.

No. 25550.

United States Court of Appeals
Fifth Circuit.

July 26, 1968.

———◆———

Howard B. Pearl, Ocala, Fla., for appellant.

Samuel S. Forman, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before WISDOM and COLEMAN, Circuit Judges, and RUBIN, District Judge.

COLEMAN, Circuit Judge.

■ The sole issue in this appeal is whether, under the circumstances hereinafter related, the District Judge committed reversible error in giving the jury a version of the Allen charge after it had deliberated for two hours and ten minutes. We are convinced that it would have been better practice not to have given the charge when it was given but we likewise believe that it resulted in no prejudice to the appellant, so we affirm the conviction.

■ The appellant was convicted on a one count indictment which charged him with the transportation of a stolen motor vehicle from Atlanta, Georgia to Sumter County, Florida, in violation of 18 U.S. C.A. § 2312. The testimony for the prosecution, if believed by the jury, justified a verdict of guilty. The testimony for the defense sought to establish that at the worst the defendant could have been guilty of no more than a transportation committed at a time when he was stone drunk and unaware of what he was doing.

The selection of the jury and the testimony of the witnesses consumed only an afternoon. Court reconvened at 9:55 the next morning. After argument of counsel and the jury charge were completed the case was submitted to the jury at 10:55 A.M. By 1:05 P.M. the jury had made no announcement as to a verdict. It was called to the courtroom and sent to lunch, with instructions that the case was not to be discussed during the lunch hour. At 2:10 P.M. the Judge informed counsel, out of the presence of the jury which had just returned from lunch, that he intended to give the charge hereinafter quoted. Counsel for the defendant objected, saying that "[T]he time has not yet arrived for the dynamite charge. I don't think they have deliberated long enough and therefore I object to it being given at this time". An additional objec-

tion was that "We have no evidence certainly from any question brought to us out of the jury room that they have been discussing punishment as a factor in arriving at their verdict as to guilt or innocence, and, therefore, at this time, I respectfully submit that it is not yet appropriate". The Judge responded that since the jury had been out for about two hours and fifteen minutes without returning to the courtroom it would seem appropriate to him that the charge should be given, so the objection was overruled.

The jury retired at 2:30 P.M. after receiving the following supplemental charge:

"At this time, Gentlemen of the Jury, I will give you the case back in charge so that you can resume deliberations on your verdict. But before I do so, there are some further instructions that the Court will give you and the Court will ask you to consider these instructions along with all the other instructions the Court has given you as to the law. So do not consider these instructions that the Court is now giving you separately but consider them as a whole with all the charges in the case, because that's what your duty is.

"Gentlemen of the Jury, the verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous, but do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. Remember at all times, Members of the Jury Panel, you are not partisans. You are judges, judges of the facts. Your sole interest is to ascertain the truth from the evidence in this case.

"Now, the punishment provided by law for the offense charged in the Indictment is a matter exclusively within the province of the Court and should never be considered by the Jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused.

"Consider those instructions along with those previously given you, if you will, and retire now to further deliberate upon your verdict."

At 3:35 P.M., yet without a verdict, the jury was returned to the courtroom, primarily for an inquiry about doing something to the air conditioning system so as to cool the jury room. The Court inquired if the jury had arrived at a verdict and was informed in the negative. He then advised the jury that he would have the General Services to turn up the air-conditioning and then requested it to deliberate further.

Immediately afterward, in response to an inquiry from the Court, the officer in charge of the jury stated that the jury had informed him before being brought to the courtroom that they were hopelessly deadlocked.

The Trial Judge then stated that he did not plan to keep the jury out any later than 5 or 5:30 o'clock. Counsel for the defendant then stated "It is my belief and the Defendant concurs in it that sending the jury back to deliberate further is a proper move and they should be permitted to deliberate further before the Court considers a mistrial".

We can only conclude from this that both the defendant and his counsel thought the chances of an acquittal were excellent and preferred the further deliberation that would likely end in such a result.

At 5:25 P.M. the jury returned its verdict of guilty. A request for a poll

demonstrated the unanimity of the jurors.

We pointed out in Green v. United States, 309 F.2d 852 (1962) that "The Allen or 'dynamite' charge is designed to blast loose a deadlocked jury. There is small, if any, justification for its use. * * * There is no justification whatever for its coercive use. * * * It is improper for the Court to interfere with the jury by pressuring a minority of the jurors to sacrifice their conscientious scruples for the sake of reaching agreement". Although support for it is by no means unanimous, the Allen charge, in careful verbiage and under certain circumstances, will not provoke a reversal, Thaggard v. United States, 5 Cir., 1965, 354 F.2d 735, cert. denied 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301.

The supplemental charge in this case is not, of course, in the exact language customarily used in Allen charges but it is clear from the record that it was intended, at least in a limited fashion, to serve that purpose. Moreover, we do not understand the reason for the allusion to punishment. It is not altogether without reason to contend that the discussion of punishment implied that there was no doubt of guilt, so the jury must be hesitating because it was thinking of the consequences of a guilty verdict.

The decisive question is: Did the charge coerce the jury into returning a guilty verdict against Webb? Had there been such a verdict soon after the supplemental charge was delivered we would not hesitate to reverse this conviction. It is clear from this record, however, that the jury was not impressed. After an hour and a half it was still "hopelessly deadlocked". Counsel and defendant then placed their express approval upon further deliberations. They were there; they knew what was going on; they observed the demeanor of the jurors. It is really unthinkable that had they any reason to suspect coercion or intimidation they would have approved further deliberations. By that time the odds were strong that appellant was likely to enjoy an acquittal. Ordinarily, a conviction, if there was to be one on such directly irreconcilable testimony, would have already arrived. Then, to cap matters, the jury had to deliberate for two additional hours before it finally reached agreement.

Thus we are constrained to hold that while this supplemental charge should not have been given under the circumstances then prevailing it nevertheless had no influence on the outcome. The Judgment is

Affirmed.