UNITED STATES of America, Appellee,

v.

John FLANNERY, Defendant, Appellant.

No. 71–1199.

United States Court of Appeals, First Circuit.

Heard Oct. 5, 1971.

Decided Nov. 12, 1971.

F. Graham McSwiney, New London, N. H., by appointment of the Court, with whom Hall, Morse, Gallagher & Anderson, Concord, N. H., was on brief, for appellant.

Carroll F. Jones, Asst. U. S. Atty., with whom David A. Brock, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

In 1965 we held that for the government to say, in summation to the jury, that certain of its evidence was "uncontradicted," when contradiction would have required the defendant to take the stand, drew attention to his failure to do so, and hence was unconstitutional comment. Desmond v. United States, 1 Cir., 1965, 345 F.2d 225.[1] We do not adopt the reasoning of those courts which state, it seems to us, ingenuously, that to say that the government witnesses' testimony was uncontradicted is simply a statement of historical fact. There are many 'facts' which are benign in themselves. The difficulty is that such reference, when only the defendant could have contradicted, clearly calls to the jury's mind the

---

1. We have held that the description "uncontroverted," if used in any broader sense, is error for a further reason. The defendant controverts all of the government's case, unless he has affirmatively conceded some portion of it. DeCecco v. United States, 1 Cir., 1964, 338 F.2d 797; see United States v. Langone, 1 Cir., 1971, 445 F.2d 636, 637, cert. denied 10/26/71, 92 S.Ct. 226. Otherwise the presumption of innocence is meaningless.

fact that he failed to testify. In spite of frequent repetition of this, what would seem to us obvious, conclusion,[2] government attorneys, either uninstructed, or unmindful of their instructions, have persisted in ignoring our ruling. In some published cases we have found prejudice and reversed.[3] In others, for special reasons, as when the court was quick to correct the error, we have found no prejudice.[4] As early as *Desmond*, however, we expressed our belief that the government would not make such a comment, thereby risking reversal, unless it thought the comment effective. Its persistence in so doing, despite admonitions by trial judges as well as ourselves, produces a sense of futility. Hereafter, as to cases tried after the date of this opinion, when it is apparent on the record that there was no one other than himself whom the defendant could have called to contradict the testimony, we shall not endeavor to weigh prejudice, but shall rule it prejudicial as matter of law, with a single exception. If the court interrupts the argument, instructs the jury fully on the defendant's constitutional right not to testify and the jury's obligation not to draw unfavorable inferences and, in addition, states to the jury that the U. S. Attorney was guilty of misconduct, we may find no prejudice; otherwise we will reverse.

In the present case the defendant, Flannery, and four others, Curvin, Dionne, Franchi and Patuto, were indicted for conspiracy to circulate forged postal orders. Curvin, Dionne and Franchi pleaded guilty. Patuto was found not guilty, and thereafter disappeared. Defendant was then brought to trial. The principal witness against him was Dionne. Dionne testified to a number of conversations at which the defendant and some or all of the others were present, but from which it could be contended that defendant "walked away." Particularly damaging, therefore, were several other illicit conversations at which Dionne placed only himself and the defendant. Defendant was convicted, and he appeals.

■ At the trial, defendant did not take the stand. Under these circumstances the government's argument, repeated three times, that Dionne's testimony as to these private conversations was "uncontradicted" was accurate, but a prejudicial violation of the rule under any standard. Defendant did not object, perhaps fearful of making the matter worse, and the court's failure to interrupt may have been for the same reason. The government had no right, however, to place the defendant in this dilemma.

■ Although this disposes of the appeal, we deal with two other matters. We believe that in charging the jury, with respect to reasonable doubt, that "a reasonable doubt can be defined as a strong and abiding conviction

2. Although there is not unanimity as to when prejudice will be found, every circuit whose opinions we have examined agrees with the principle. *See* United States ex rel. Leak v. Follette, 2 Cir., 1969, 418 F.2d 1266, cert. denied 397 U.S. 1050, 90 S.Ct. 1388, 25 L.Ed.2d 665; United States v. Day, 3 Cir., 1967, 384 F.2d 464, 465–66; Peeples v. United States, 5 Cir., 1965, 341 F.2d 60, 64–65, cert. denied 380 U.S. 988, 85 S.Ct. 1362, 14 L.Ed.2d 280; United States v. Parisi, 6 Cir., 1966, 365 F.2d 601, 607–09, vacated sub nom. O'Brien v. United States, 1967, 386 U.S. 345, 87 S.Ct. 1158, 18 L.Ed.2d 94; United States v. Lyon, 7 Cir., 1968, 397 F.2d 505, cert. denied sub nom. Lysczyk v. United States, 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117;

Doty v. United States, 10 Cir., 1968, 416 F.2d 887, vacated sub nom. Epps v. United States, 1971, 401 U.S. 1006, 91 S.Ct. 1247, 28 L.Ed.2d 542.

3. Rodriguez-Sandoval v. United States, 1 Cir., 1969, 409 F.2d 529; Desmond v. United States, ante.

4. Perez Goitia v. United States, 1 Cir., 1969, 409 F.2d 524, cert. denied 397 U.S. 906, 90 S.Ct. 896, 25 L.Ed.2d 86; Holden v. United States, 1 Cir., 1968, 393 F.2d 276; Holden v. United States, 1 Cir., 1968, 388 F.2d 240, cert. denied 393 U.S. 864, 89 S.Ct. 146, 21 L.Ed.2d 132; Kitchell v. United States, 1 Cir., 1966, 354 F.2d 715, cert. denied 384 U.S. 1011, 86 S.Ct. 1970, 16 L.Ed.2d 1032.

that still remains after careful consideration of all the evidence," the court must have misspoken itself. A reasonable doubt by definition means a doubt founded upon reason and not speculation, but it certainly does not require, as charged by the court, a "strong and abiding conviction." This is the burden that is on the government. *See* United States v. Byrd, 2 Cir., 1965, 352 F.2d 570, 575; Commonwealth v. Webster, 1850, 5 Cush. (59 Mass.) 295, 320.

■ Secondly, in the exercise of our supervisory powers, we comment upon the court's rendering and paraphrasing of the *"Allen"* charge. Allen v. United States, 1896, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528, following Commonwealth v. Tuey, 1851, 8 Cush. (62 Mass.) 1. This charge has been called the dynamite charge. Like dynamite, it should be used with great caution, and only when absolutely necessary. There was no call for the court to employ it, sua sponte, when the jury had been deliberating only three hours, and had reported no difficulties in agreeing. *See* Webb v. United States, 5 Cir., 1968, 398 F.2d 727; *cf.* United States v. Hynes, 2 Cir., 1970, 424 F.2d 754, cert. denied 399 U. S. 933, 90 S.Ct. 70, 26 L.Ed.2d 804. The caution required dictates also that trial courts should avoid substantive departures from the formulations of the charge that have already received judicial approval. Such departures impose on appellate courts the almost impossible task of weighing the prejudicial impact of a variation of the approved charge. And in all events, the court should be careful to include all those elements of the original charge designed to ameliorate its coercive effect, and to avoid language which might heighten it. *See* United States v. Thomas, D.C.Cir., 449 F.2d 1177; United States v. Brown, 7 Cir., 1969, 411 F.2d 930, cert. denied 396 U. S. 1017, 90 S.Ct. 578, 24 L.Ed.2d 508. The instructions given here were deficient in this regard in a number of ways.

■ First, the court erred in reminding the jury that it was Friday afternoon. *Cf.* United States v. Diamond, 5 Cir., 1970, 430 F.2d 688. The implicit suggestion, although doubtless unintended, was that it was more important to be quick than to be thoughtful.

■ Second, when the *Allen* charge is needed it is important that the court, as did the court in *Allen,* 164 U.S. at 501, 17 S.Ct. 154, give express recognition to the possibility that the majority may be for acquittal, and state that the minority should reexamine its position when the majority is for acquittal as well as when it is for conviction. Nor should the onus of reexamination be on the minority alone. Whenever a court instructs jurors to reexamine their positions, it should expressly address its remarks to the majority as well as to the minority. *See* United States v. Thomas, ante; Mangan v. Broderick & Bascom Rope Co., 7 Cir., 1965, 351 F.2d 24, 30, cert. denied 383 U.S. 926, 86 S.Ct. 930, 15 L. Ed.2d 846; *cf.* United States v. Fioravanti, 3 Cir., 1969, 412 F.2d 407, cert. denied sub nom. Panaccione v. United States, 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed. 2d 88.

■ Third, as we have pointed out before, the court should remind the jury of the burden of proof. *See* Pugliano v. United States, 1 Cir., 1965, 348 F.2d 902, 903–04, cert. denied 382 U.S. 939, 86 S. Ct. 390, 15 L.Ed.2d 349. In *Tuey* itself, the reference was clear. 8 Cush. (62 Mass.) at 2.

■ Finally, as counsel persuasively urged upon us, we expressly disapprove the *Tuey* statement that "the case must at some time be decided." 8 Cush. (62 Mass.) at 2. A jury, any number of juries, have a right to fail to agree. It is proper to instruct that it is desirable to have the case decided, and that there is no reason to suppose that some other jury will be in a better position to do so, but we do not approve of saying more. *See* United States v. Harris, 6 Cir., 1968, 391 F.2d 348, 354–56, cert. denied 393 U.S. 874, 89 S.Ct. 169, 21 L. Ed.2d 145; *cf.* Jenkins v. United States, 1965, 380 U.S. 445, 85 S.Ct. 1059, 13 L. Ed.2d 957.

The *Allen* charge has recently come under heavy criticism, and a number of circuits have abandoned it in favor of the more neutral form suggested by the American Bar Association.[5] We are not ready so to restrict our trial judges. There are occasions when it may be appropriate to remind the jurors of their duties in somewhat stronger terms than in the initial instruction. If so, however, the court will be advised to respect the rules outlined herein.

Reversed; new trial ordered.

See also, 5 Cir., 448 F.2d 728.

---

5. *See, e. g.,* United States v. Thomas, *ante* at n. 45.