**UNITED STATES of America, Appellee,**

v.

**Luis M. MEDINA, Defendant, Appellant.**

**No. 71–1014.**

United States Court of Appeals,
First Circuit.

Dec. 27, 1971.

Stephenson, Circuit Judge, concurred and filed opinion.

Gerardo Ortiz Del Rivero, San Juan, for appellant.

James B. Tucker, Atty., Dept. of Justice, with whom Julio Morales Sanchez, U. S. Atty., was on brief, for appellee.

Before COFFIN, Circuit Judge, VAN OOSTERHOUT,*, Senior Circuit Judge, and STEPHENSON,* Circuit Judge.

COFFIN, Circuit Judge.

Appellant was convicted in a jury trial of selling a narcotic drug without a written order in violation of 26 U.S.C. § 4705(a). While counsel energetically urges several grounds for reversal, we fail to find sufficient merit in any.

Appellant first attacks the indictment as failing to add after "except in pursuance of a written order" the words "of the person to whom such article is sold". 26 U.S.C. § 4705(a). We are of the opinion, however, that the lack of the quoted words did not detract from the defendant's ability to defend himself. If the sale was made to a buyer exempt from the order form requirement under 26 U.S.C. § 4705(b) and (c), that fact would have been available to the defendant for proof at trial. The statute specifically relieves the government of any responsibility for anticipating such a defense in advance of its being interposed by the defendant. 26 U.S.C. § 4724(c). Appellant's related argument, not raised at trial, that a special agent (who testified that appellant had no recorded authority to sell drugs and that his purchaser had no recorded authority to buy drugs) was identified only as an agent "of the Internal Revenue", does not strike therefore at one of the essential elements of the crime charged—a sale in the absence of a written order—since there was no contention that a written order, valid or otherwise, accompanied the sale. The court's challenged evidentiary rulings were clearly correct as was its standard charge, not objected to, that appellant had a constitutional right not to testify. *See, e. g.,* United States v. Houston, 434 F.2d 613, 615 (5th Cir. 1970).

There is only one area of objection which we feel warrants further comment—that involving the closing argument of the prosecutor. While defense counsel vigorously criticized government witnesses, thus perhaps inviting zealous rejoiner, *see* Patriarca v. United States, 402 F.2d 314, 318–322 (1st Cir. 1968), cert. denied, 393 U.S. 1022, 89 S.Ct. 633, 21 L.Ed.2d 567, reh. denied, 393 U.S. 1124, 89 S.Ct. 987, 22 L.Ed.2d 131 (1969), a United States prosecutor should constantly resist the

---

* Of the Eighth Circuit, sitting by designation.

temptation to accept an invitation to cheapen an argument by recourse to unnecessary vilification. Here some of the prosecutorial ardor was proper comment, some of it was not objected to, and the net result was not prejudicial. Our remarks are cautionary, attended with the hope that they will not fall on deaf ears.

More importantly, we signal a more specific hazard. At one point in argument, the prosecutor stated, "And as the evidence told you in this case, the evidence I presented to you has been untouched. The evidence presented by them with all their promises of what they were going to prove you failed. . . ." While in context this could be understood as attacking the alibi testimony of appellant's witnesses, it nevertheless skirts dangerously close to commenting on appellant's decision not to take the stand.

 We very recently had occasion to review the situations in which a prosecutor's statement during summation that certain evidence is "uncontradicted" or "undisputed" constitutes an impermissible comment on a defendant's decision not to testify. United States v. Flannery, 451 F.2d 880 (1st Cir. 1971). In order to give prosecutors clear notice when fair comment on the evidence ends and infringement of the Fifth Amendment rights of defendants begins, we set out a prophylactic rule, applicable to cases tried after November 12, 1971, the date of our opinion, requiring strict avoidance of characterizations of the evidence as "uncontradicted" in context in which the defendant himself is the only person who could have contradicted such evidence. We made this rule subject to a single exception: reversal may not be warranted "[i]f the court interrupts the argument, instructs the jury fully on the defendant's constitutional right not to testify and the jury's obligation not to draw unfavorable inferences and, in addition, states to the jury that the U.S. Attorney was guilty of misconduct. . . ." *Id.* at 882. While the facts in this case, even had the trial been subsequent to *Flannery*, might not have invoked its rule, we feel that the "off limits" sign should again be clearly posted.

Affirmed.

STEPHENSON, Circuit Judge (concurring).

I concur with the reservation that in so doing I do not express a concurrence with the prophylactic rule regarding impermissible comment by prosecutors announced in United States v. Flannery, 451 F.2d 880 (1st Cir., 1971), or its genesis.