**UNITED STATES of America,**
**Appellee,**

v.

**Fernando Luis RODRIGUEZ-SANDO-**
**VAL, Defendant, Appellant.**

**No. 72–1003.**

United States Court of Appeals,
First Circuit.

Argued Feb. 5, 1973.

Decided March 23, 1973.

Gerardo Ortiz Del Rivero, San Juan, P. R., by appointment of the Court, for appellant.

Jorge Rios Torres, Asst. U. S. Atty., with whom Julio Morales Sanchez, U. S. Atty., was on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

Fernando Luis Rodriguez Sandoval was tried and convicted for the purchase, sale, concealment and transportation of heroin in violation of 26 U.S.C. §§ 4704 (a),[1] 4705(a),[2] 21 U.S.C. § 174,[3] and was sentenced to concurrent terms of fifteen years imprisonment. He appeals from this conviction as well as from the district court's denial of his motion for a reduction of sentence. We affirm.

Sandoval's primary contention on appeal relates to the prosecution's alleged misuse of the evidentiary presumptions written into 26 U.S.C. § 4704(a) and 21 U.S.C. § 174. The latter section authorizes conviction upon evidence that the defendant had possession of a narcotic drug "unless the defendant explains the possession to the satisfaction of the jury." Similarly, § 4704(a) provides that "the absence of appropriate taxpaid stamps from narcotic drugs shall be

---

1. Repealed, Act of Oct. 27, 1970, Pub.L. No. 91–513, title III, § 1101(b)(3)(A), 84 Stat. 1292, effective date of repeal being May 1, 1971, Pub.L. 91–513, § 1105(a). The subsection provided in relevant part:

   "It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; . . . ."

2. Repealed, Act of Oct. 27, 1970, Pub.L. No. 91–513, title III, § 1101(b)(3)(A), 84 Stat. 1292, effective date of repeal being May 1, 1971, Pub.L. 91–513, § 1105(a). The subsection provided in relevant part:

   "It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

3. Repealed, Act of Oct. 27, 1970, Pub.L. No. 91–513, title III, § 1101(a)(2), (4), 84 Stat. 1291, effective date of repeal being May 1, 1971, Pub.L. 91–513, § 1105 (a). The section provided as follows:

   "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000."

prima facie evidence of a violation of this subsection by the person in whose possession the same may be found." In making his opening statement, the United States Attorney informed the jury that the government would rely on these presumptions, which he said would "authorize conviction unless the possession [of heroin] is explained to you by the defendant to your satisfaction." In addition to these comments, the prosecutor made several similar references to the presumptions, both in his opening statement and in his summation. Appellant contends that these statements necessarily and impermissibly drew the jury's attention to the defendant's failure to testify, and that his conviction must therefore be reversed under our decision in United States v. Flannery, 451 F.2d 880 (1st Cir. 1971).[4] This argument is without merit. When read in context, it is clear that the prosecutor's remarks were intended only to explain to the jury what the government's evidence would be and the theory under which it would press for conviction. Such an explanation could hardly have been made without some reference to the presumptions on which the government intended to rely. While the avoidance of any language having even a slight tendency to highlight the defendant's failure to testify or produce evidence would have been preferable, *cf.* United States v. Gainey, 380 U.S. 63, 71 n. 7, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), we do not believe that the prosecutor's statements caused appellant to suffer any substantial prejudice. The district court took great pains to instruct the jury that the defendant did not have to testify or call witnesses and that the "explanation" of his possession of narcotics could come from any of the facts and circumstances revealed by the evidence. In view of these instructions, the prosecutor's accurate explanation of the statutory presumptions involved in this case does not warrant reversal.

■ Appellant also objects to the court's instructions to the jury on the ground that they made explicit reference to the statutory presumptions in issue, contrary to the "better practice" suggested by the Supreme Court in United States v. Gainey, *supra,* at 71, n. 7, 85 S.Ct. 754.[5] While the "better practice" was admittedly not followed, *Gainey* does not require reversal if the "overall reference [of the charge] was carefully directed to the evidence as a whole, with neither allusion nor innuendo based on defendant's decision not to take the stand." *Id.* at 71, 85 S.Ct. at 759. As noted above, the court carefully instructed the jury that the statutory presumptions did not have to be rebutted by the defendant's own testimony or evidence in his behalf, but could be overcome by any evidence in the case. These instructions amply met the standard set forth in *Gainey, supra.* *See* United States v. Armone, 363 F.2d 385 (2d Cir.), cert. denied, 385 U.S. 957, 87 S.Ct. 391, 17 L.Ed.2d 303 (1966).

■ The only other matter which warrants our consideration is the question of whether the court contravened the holdings of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969) and Marano v. United States, 374 F.2d 583 (1st Cir. 1967) in sentencing appellant to a term of fifteen years imprisonment when he had received only a ten year sentence following his first conviction[6] of the charges in-

---

4. Even if we were to accept appellant's analogy between the circumstances of this case and *Flannery*, that decision would not be relevant in the present context. *Flannery* is applicable only to cases going to trial after November 12, 1971; trial in the instant case began on September 20, 1971.

5. "Indeed the better practice would be to instruct the jurors that they may draw the inference unless the evidence in the case provides a satisfactory explanation for the [proved fact], omitting any explicit reference to the statute itself in the charge." United States v. Gainey, *supra* at 71 n. 7, 85 S.Ct. at 759.

6. Appellant's original conviction was reversed by this court in Rodriguez-Sandoval v. United States, 409 F.2d 529 (1st Cir. 1969).

volved in this case. In *Marano, supra,* we set forth the general principle that a defendant may not be given a more severe sentence upon retrial than he received following his original conviction. We recognized, however, that a trial judge may properly consider the defendant's conduct subsequent to the reversal of his first conviction in deciding what sentence to impose after retrial. In the present case, the relevant facts are as follows. Following appellant's conviction below, a sentencing hearing was held on November 26, 1971, at which time the United States Attorney informed the court that Sandoval had been twice arrested in New York for narcotics violations while on bail pending retrial. The court specifically stated, however, that it would not consider this information in imposing sentence, adding somewhat cryptically that "what I have before me is enough." The court then proceeded to sentence appellant to six concurrent terms of fifteen years imprisonment. After the appeal in this case had been filed, defendant made a motion in the district court for a reduction of sentence. In response, the trial judge issued a certificate to this court requesting that the case be remanded for resentencing, on the grounds that the sentence of November 26 might have been illegal under North Carolina v. Pearce, *supra* and Marano v. United States, *supra.* We remanded the case for the limited purpose of considering the motion to reduce sentence, without prejudice to the government's arguing that the court could consider subsequent conduct as defined in *Marano* although it had declined to consider it at the time of the original resentencing. At a subsequent hearing, the district court clearly indicated that it was now considering a portion of the pre-sentence report which related subsequent circumstances concerning Sandoval's New York drug arrests and two forfeitures of bail for his failure to appear as ordered, and proceeded to deny the motion on the basis of appellant's conduct while free on bail pending retrial.

Appellant appears to argue that the court's initial failure to consider his subsequent conduct irretrievably tainted any increase in his sentence. We do not agree. The record clearly indicates that on remand the court reconsidered the November 26 sentence in light of *Marano* and *Pearce,* read the presentence report it relied on, gave appellant an opportunity to respond, and affirmatively stated its reliance on subsequent conduct in reaffirming the increased sentence. Although this decision was made on a motion to reduce, the nature of the district court's certificate and our remand make it perfectly clear that the decision was equivalent to a full reconsideration and resentencing. Since the court applied the proper standard on remand, we will not disturb on appeal its decision as to appellant's sentence.

Affirmed.