COMMONWEALTH *vs.* RICHARD R. BUZZELL.

No. 00-P-237.

Worcester. June 12, 2001. - December 10, 2001.

Present: PORADA, RAPOZA, & COWIN, JJ.

*Evidence,* Argument by prosecutor. *Practice, Criminal,* Argument by prosecutor, Defendant's decision not to testify.

Discussion of the applicable principles regarding remarks made by a prosecutor in closing argument that might impinge on a defendant's exercise of the right not to testify at a criminal trial. [366-369]

At a criminal trial, the prosecutor's three references in his closing argument to evidence as uncontested and his statement observing that defense counsel had offered no explanation as to certain evidence, together with rhetorical questions that the prosecutor posed, impermissibly invited the jury to draw adverse inferences against the defendant for not testifying, and the judge's instructions were not an adequate counterweight to the improper remarks. [369-372]

INDICTMENTS found and returned in the Superior Court Department on April 16, 1998.

The cases were tried before *Robert H. Bohn, Jr.,* J.

The case was submitted on briefs.

*Thomas C. Foley* for the defendant.

*John J. Conte,* District Attorney, & *Christopher P. Hodgens,* Assistant District Attorney, for the Commonwealth.

COWIN, J. The defendant was convicted by a jury of four counts of rape of a child under sixteen years of age (G. L. c. 265, § 23) and four counts of indecent assault and battery on a child under the age of fourteen (G. L. c. 265, § 13B). His motions for a new trial and for a mistrial were denied. He appeals on the ground that certain statements by the prosecutor in closing argument were improper. He asserts also that one conviction of indecent assault and battery is duplicative of one of the rape convictions and therefore should be dismissed. The appeal

brings about another unwelcome obligation to assess whether an otherwise appropriately tried case has been irretrievably prejudiced by improper statements in the prosecutor's closing argument. We conclude that there was too great a risk that the statements in question prompted the jury to give weight to the absence of an explanation by the defendant, and that the danger was not reduced to an acceptable level by the judge's instructions. Accordingly, we reverse.[1]

1. *The evidence.* Faith[2] testified that the defendant, her stepfather, engaged in various forms of sexual relations with her commencing at the time that Faith was about to enter the sixth grade and extending over the following five years. The events allegedly occurred when Faith and the defendant were alone together in his bedroom or in an automobile. Faith's sister testified that the defendant would close himself in his bedroom with Faith, lock or barricade the door, and warn the other children not to enter. Faith's mother testified that she was aware of the fact that Faith and the defendant spent time alone together, but that, apart from certain suspicions which she harbored, she did not learn of the defendant's conduct until Faith revealed it during a mother-daughter argument. The defendant did not testify or call other witnesses. He introduced documentary evidence pertaining to a medical examination of Faith which showed no evidence of sexual abuse. His counsel cross-examined the Commonwealth's witnesses, bringing out possible inconsistencies in Faith's story and suggesting a motive to fabricate arising out of a custody dispute between Faith's mother and the defendant.

2. *The Commonwealth's argument.* The prosecutor commenced his final argument by noting certain alleged mistakes by the defense counsel during his immediately preceding argument. At one point, the defendant objected, but the objection was overruled. However, when the prosecutor continued with the theme of defense counsel's mistakes, the judge stepped in on his own and stated, "we understand that point. Let's move on, please." The prosecutor then admonished the jury that attorneys

---

[1]Given disposition of the case on the basis of the statements in the Commonwealth's final argument, it is not necessary to treat the issue of an allegedly duplicative conviction.

[2]Faith is a pseudonym.

were not permitted to give personal opinions regarding the evidence, so that they should not consider that anything said by defense counsel was his personal opinion. The defendant again objected, and the judge stated, "Counsel, just argue the facts, please."

The remainder of the prosecutor's argument proceeded without interruption.[3] The argument consisted in large part of a reiteration of Faith's testimony, together with suggestions as to why the jury should find her statements credible and attempts to respond to attacks upon her credibility which had been leveled during the defense case and final argument. It was near the end of the prosecutor's argument that there were four statements alleged by the defendant to be burden-shifting. Referring to the testimony of Faith's sister, the prosecutor stated, "And she told you, *and I'd suggest it is uncontradicted,* that the defendant and [Faith] were alone in the master bedroom over a period of time on an average of one to two times a week, behind closed doors. What, I ask you, was that all about? Why did the door need to be closed if the child, if [Faith] was on the computer? If [Faith] was watching television, why did the door need to be closed?" (Emphasis supplied.)

Shortly thereafter, this time addressing the sister's testimony regarding Faith and the defendant being regularly alone in an automobile, the prosecutor argued, "[Faith] and the defendant alone in the car, leaving [her sister] and the children at that location. What was that all about? Why did that occur? I'd suggest that you have no other conclusion to reach other than it was as [Faith] herself told you, that the defendant was alone with her time and time and time again, under very suspicious circumstances, *and there is no explanation even offered by [defense counsel], as to what any of that was all about*" (emphasis supplied).

Soon the prosecutor returned to the theme of uncontradicted evidence, stating, "*[u]ncontroverted that this man was alone with his stepdaughter on occasions after occasions after occasions.* Alone in a locked room, alone in a car, alone and doing what [Faith] told you. And I'd suggest to you that should

---

[3]Immediately prior to the close of the argument, the judge requested that the prosecutor conclude, which he did.

give you reason to believe her." (Emphasis supplied.) Then, at the very end of the argument, the jury were treated to another rhetorical flourish, "[t]he corroboration that her sister, *uncontroverted corroboration that her mother gave to you,* particularly her sister, times alone, locked doors, why?" (emphasis supplied), followed by a conclusion that the Commonwealth had borne its burden and that the defendant should be found guilty of all charges.

3. *The instructions and objections.* Following jury selection, the judge gave brief preliminary instructions in which he outlined the elements of the charges. He emphasized that the Commonwealth had the burden of proving the various elements of the offenses beyond a reasonable doubt. In describing the forthcoming mechanics of the trial, the judge stated, "[I]n this case the defendant need not testify, he need not present any evidence, and indeed he need not argue to you. But defense counsel has those options available to him."

The evidence was completed, and the prosecutor's final argument proceeded as described above. Upon completion of that argument, defense counsel requested permission to come to the bench, but the judge refused, and launched forthwith into his instructions to the jury. He reminded the jury that the Commonwealth had the burden of proving beyond a reasonable doubt the elements of the charged offenses, and that their decision should be based exclusively on the evidence and reasonable inferences therefrom. He also reiterated the principle of the presumption of the defendant's innocence, a presumption existing throughout the trial and not disappearing unless and until the jury had found that the Commonwealth had proved the elements of the offenses beyond a reasonable doubt. At the request of the defendant made prior to argument, the judge made no mention of the right of the defendant not to testify or the obligation on the part of the jury to draw no adverse inferences from the defendant's exercise of the right.

At the close of the instructions, defense counsel was then given an opportunity to address the court. He objected to the prosecutor's references to uncontroverted testimony that the defendant was alone with Faith on numerous occasions, as well as to his statement that no explanation as to what that was all

about had been offered by defense counsel. The judge responded, "Well, I told him at one point to move along and move away from those stages of the argument. I'm satisfied he did move away in a timely fashion so that your client is not prejudiced by them." Defense counsel did not point out to the judge that his admonition to counsel "to move along" had been addressed to a different issue. Counsel asked only that his objection be noted, and made no request for a curative instruction.

The defendant was convicted. Prior to sentencing, his counsel submitted a written motion for new trial together with an oral motion for mistrial. Each was based on the proposition that the prosecutor's references to uncontradicted testimony that Faith and the defendant were frequently by themselves in a room or an automobile, and that defense counsel had provided no explanation for that, were impermissible commentaries on the defendant's right not to testify. The judge denied the motions, stating that his recollection of the closing argument was that the prosecutor "engaged only in fair comment."

4. *Applicable principles.* The right of a criminal defendant not to testify, which is protected by the Fifth Amendment to the Constitution of the United States, art. 12 of the Declaration of Rights, and G. L. c. 233, § 20, is not disputed. See *Commonwealth* v. *Balthazar*, 366 Mass. 298, 304 (1974). That right may not be diminished by inviting or enabling the jury to draw adverse inferences against the defendant because of his exercise of the right. Where remarks in a closing argument are "reasonably susceptible of being interpreted as a comment on [the defendant's] failure to take the stand," such remarks are improper. *Commonwealth* v. *Gouveia*, 371 Mass. 566, 571 (1976), quoting from *Commonwealth* v. *Domanski*, 332 Mass. 66, 69 (1954). The problem, of course, is to identify those remarks which, in context, constitute impermissible appeals to the jury to penalize the defendant for not testifying.

References to material facts as uncontradicted or uncontested invariably approach the border of the forbidden territory of speculation regarding the absence of testimony by the defendant. "A claim that certain evidence is uncontested should be made with caution and only after careful reflection concerning the specific circumstances in which the defendant could have

produced contradictory evidence." *Commonwealth* v. *Hawley*, 380 Mass. 70, 83 (1980), quoting from *Commonwealth* v. *Borodine*, 371 Mass. 1, 11 (1976). Where the defendant himself is the only person who can contradict the otherwise uncontested evidence, the reference to the evidence as undisputed necessarily invokes consideration of the fact that the defendant did not present contrary information. *Commonwealth* v. *Hawley, supra.* See *Commonwealth* v. *Smith,* 387 Mass. 900, 908-909 (1983) (statement that "the only evidence we have here of what the defendant . . . has said outside of court, not guilty, not guilty and no more" held to be reasonably susceptible of being interpreted as a comment on the defendant's failure to take the stand and not harmless beyond a reasonable doubt).

On the other hand, the prosecutor must be permitted to argue his case. "A prosecutor is entitled to emphasize the strong points of the Commonwealth's case and the weaknesses of the defendant's case, even though he may, in so doing, prompt some collateral or passing reflection on the fact that the defendant declined to testify." *Commonwealth* v. *Feroli,* 407 Mass. 405, 409 (1990). We examine the entire argument to determine whether, in context, the challenged remarks are directed "more at the general weakness of [the defendant's] defense than toward the defendant's own failure to testify." *Commonwealth* v. *Storey,* 378 Mass. 312, 324 (1979), cert. denied, 446 U.S. 955 (1980). A prosecutor's remarks are not prejudicially unfair unless they "are of such a nature that a jury would naturally and necessarily construe them to be directed to the failure of the defendant to testify." *Commonwealth* v. *Smallwood,* 379 Mass. 878, 892 (1980), quoting *United States* v. *Armedo-Sarmiento,* 545 F.2d 785, 793 (2d Cir. 1976), cert. denied, 430 U.S. 917 (1977). Pursuant to this formulation, various prosecutorial remarks in final argument have been determined to be permissible comments on the strength or weakness of the respective cases. See, for example, *Commonwealth* v. *Feroli, supra* at 408 ("I suggest to you that you haven't heard any testimony, any evidence other than the fact that he was

involved")[4]; *Commonwealth* v. *Grant*, 418 Mass. 76, 82-83 (1994) (rhetorical questions regarding the defendant's state of mind were relevant to the issue of deliberately premeditated malice aforethought); *Commonwealth* v. *Gruning*, 46 Mass. App. Ct. 842, 844-846 (1999) (permissible rhetorical question in opening regarding the defendant's motive). Compare *Commonwealth* v. *Habarek*, 402 Mass. 105, 111 (1988) (rhetorical questions not proper if they appear to the jury to have shifted the burden of proof to the defendant).

There is a subtlety to the distinction between a comment on the weakness of the defendant's case and a comment on the defendant's failure to testify which makes application of the above principles difficult. The defendant's case is often weak in large part because the defendant is unable to present evidence of his innocence, and reference to the former often implicitly calls attention to the latter. By way of procedural rule, rather than as a matter of Federal constitutional law, the United States Court of Appeals for the First Circuit has essentially abandoned the attempt to distinguish proper from improper comment of this kind. That court treats a prosecutor's characterization of evidence as uncontradicted as requiring automatic reversal unless the judge interrupts, instructs then and there on the defendant's constitutional right not to testify and the jury's obligation not to draw inferences unfavorable to the defendant therefrom, and "states to the jury that the U.S. Attorney was guilty of misconduct." *United States* v. *Flannery*, 451 F.2d 880, 882 (1st Cir. 1971). See *Commonwealth* v. *Hawley*, 380 Mass. at 89 n.19. While that court's approach is not binding on the courts of the Commonwealth, we do not ignore what it teaches with respect to the difficulty of separating permissible from impermissible remarks. See *Commonwealth* v. *Masskow*, 362 Mass. 662, 667 (1972).

Massachusetts has in part dealt with the problem by relying on jury instructions to cure any prejudice. "Denial of a mistrial and reliance on curative instructions may be proper, in the judge's discretion, even in a case of clearly improper argument

---

[4]The statement followed a reference to the defendant's opening, during which his counsel indicated he would prove that the defendant in fact was not involved. *Commonwealth* v. *Feroli, supra* at 408.

by a prosecutor." *Commonwealth* v. *Smallwood, supra* at 892, quoting from *Commonwealth* v. *Gouveia,* 371 Mass. at 572. Thus, in *Smallwood,* the Supreme Judicial Court, while conceding that the remarks at issue were reasonably susceptible of being interpreted as a comment on the defendant's failure to testify and that they were therefore improper, nevertheless affirmed the conviction because the judge "gave complete and emphatic instructions to the jury to the effect that the defendant need not come forward with any witnesses or evidence and that no inference unfavorable to the defendant could be drawn by reason of his failure to testify." *Commonwealth* v. *Smallwood, supra* at 893.

Likewise, a reference to there being no denial of the basic facts of the case was improper, but did not require reversal, because the judge immediately instructed the jury that the defendant need not offer evidence and that it was completely up to the Commonwealth to prove its case beyond a reasonable doubt. *Commonwealth* v. *Balthazar,* 366 Mass. at 304. A statement that "there is no evidence to the contrary in this case" was held improper in *Commonwealth* v. *Gouveia, supra.* The court stated that "the better practice is for the judge to intervene on his own motion,"[5] but upheld the conviction because of the judge's curative instructions. *Id.* at 571-572. See *Commonwealth* v. *Walker,* 421 Mass. 90, 98-99 (1995) (comment during trial that if the pro se defendant were going to testify he should take the stand did not create a substantial risk of a miscarriage of justice where the judge instructed that there were to be no negative inferences drawn and stressed the Commonwealth's burden of proof, and there was strong proof of the defendant's guilt).

5. *Application to this case.* The defendant did not object immediately to any of the prosecutor's statements that evidence that Faith and the defendant were often alone together was uncontradicted or his statement that defense counsel had not offered an explanation "as to what any of that was all about." He did, however, seek to approach the bench at the conclusion of the prosecutor's argument, presumably to voice those objections, but was rebuffed by the judge. At the next opportunity,

---

[5]The court cited the procedural rule of the United States Court of Appeals for the First Circuit set forth in *United States* v. *Flannery, supra.*

after the judge had completed his instructions to the jury, the defendant's counsel brought the objections to the court's attention. The objections were adequately preserved. *Commonwealth* v. *Haas*, 373 Mass. 545, 558-559 (1977). See *Commonwealth* v. *Gouveia, supra* at 571-572. If the prosecutor's remarks were impermissible, the judge was given an opportunity to provide curative instructions.[6]

We have in this case three references by the prosecutor to evidence as uncontested, together with a statement observing that defense counsel had offered no explanation. These remarks came near the end of the argument, and thus were likely to be fresh in the jury's recollection as they deliberated. The prosecutor's repeated observations that evidence of the private sessions was uncontested took on a particularly toxic character when they were juxtaposed with the prosecutor's rhetorical questions. Those questions were too potent a reminder that the defendant had not testified. The Commonwealth's contention that the references focused on Faith's credibility is unconvincing. Reiteration of the proposition that Faith and the defendant were regularly alone together does little to buttress the credibility of Faith's descriptions of what occurred during the private encounters. Moreover, the Commonwealth's argument does not assign weight to the accompanying reminders that, apart from Faith's version, there had been no evidence offered as to what was transpiring behind the closed doors ("What was that all about?" "Why did the door need to be closed?" "Why did that occur?" "Why?"). Likewise, we do not find anything in the final argument of defense counsel which justified a reference to that counsel's failure to explain "what any of that was all about," even on the basis of the now essentially discredited "fight fire with fire" theory.

The rhetorical questions steered the jury from the fact that Faith and the defendant were often alone together to the fact that the defendant had not made a showing that the private meetings were innocent. They did not merely ask the jury to draw inferences from the evidence that there were private

[6]The judge also had adequate opportunity to clarify whether the defendant wished to alter his previous opposition to an instruction regarding his right not to testify.

sessions. The prosecutor instead posed questions which only the defendant could answer, and reminded the jury that he in fact had not answered them. "References to certain facts as 'uncontested' are improper when the defendant himself is the only one who can contradict the evidence." *Commonwealth* v. *Borodine*, 371 Mass. at 10; *Commonwealth* v. *Hawley*, 380 Mass. at 83. Here the rhetorical questions pounded home the point so concretely that the jury could not have missed it. They were not "collateral or passing reflections" incidental to a genuine attempt to argue the significance of the evidence. *Commonwealth* v. *Feroli*, 407 Mass. at 409.

The judge's instructions were not an adequate counterweight to the improper remarks. The final instructions included correct but generalized references to the presumption of innocence, the Commonwealth's burden of proof, and the requirement that the jury's decision be based solely on the evidence. Nothing in the preliminary instructions augmented the final instructions in any manner which would have focused the jury on their obligation not to draw adverse inferences from the defendant's silence.

We recognize that the defendant requested that the judge make no reference in the jury instructions to the defendant's right not to testify. However, the defendant's request in this regard preceded the prosecutor's final argument in which the impermissible remarks appeared. The defendant attempted to bring the remarks to the judge's attention prior to the jury instructions, but was prevented from doing so. Thus, the defendant had no opportunity at that time to alter his earlier request in light of the prosecutor's closing argument, and the judge did not directly address the prosecutor's remarks in his instructions. When, following the instructions, the defendant was able to express his objections, the judge did not avail himself of the opportunity to give a supplemental curative instruction, but instead mistakenly referred to his action on an earlier, different objection. Defense counsel compounded the difficulty by not pointing out to the judge that he was in error. The result was that the moment passed and no supplemental instructions were given.

This is not a case in which the evidence of the defendant's guilt was so powerful that the improper remarks in the closing

could be deemed harmless. See *Commonwealth* v. *Hooks*, 375 Mass. 284, 297 (1978). Apart from the testimony of other witnesses that Faith and the defendant were often together in the defendant's bedroom or in an automobile, the only incriminating evidence is that provided by Faith, who remained silent about the events for a period of five years. Her accusations were then made in an atmosphere of acrimony arising from a custody dispute between her mother and the defendant. Given the evidence, we cannot say that the improper remarks in the prosecutor's closing, which remarks were not specifically addressed by the trial judge despite objection, were harmless beyond a reasonable doubt. *Commonwealth* v. *Smith*, 387 Mass. at 909.[7]

*Judgments reversed.*

*Verdicts set aside.*

---

[7]The defendant objects for the first time on appeal to the prosecutor's reference to an issue as a "red herring" and to his use of the rhetorical phrase, "I'd suggest." In context, neither was improper.