Kevin M. LOUGHMAN, Petitioner,

v.

Steven O'BRIEN, Respondent.

Civil Action No. 05–10374–RCL.

United States District Court,
D. Massachusetts.

March 25, 2009.

Eva M. Badway, Daniel I. Smulow, Attorney General's Office, Boston, MA, for Respondent.

## MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

YOUNG, District Judge.

On August 17, 2000, Kevin M. Loughman ("Loughman") was indicted for two counts of rape in violation of Massachusetts General Laws chapter 265 section 22(b), and one count of assault and battery in violation of Massachusetts General Laws chapter 265 section 13A. On April 2, 2002, Loughman was convicted on the charge of rape (unnatural intercourse) and assault and battery, but was found not guilty on the charge of rape (natural intercourse). *Commonwealth v. Loughman,* 61 Mass.App.Ct. 1114, 810 N.E.2d 1289 (2004).

On February 11, 2005, Loughman filed this *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254. He raises four issues: (1) ineffective assistance of counsel in failing to object to certain jury instructions; (2) "prosecutorial misconduct asking/requiring defendant to show tattoos," amounting to "violation of the privilege against self-incrimination;" (3) violation of "Article Six" right to impartial jury, by jury instruction that all three verdicts had to be reached together, and jury could not remain deadlocked on one count; and (4) violation of due process, Fourteenth Amendment, and right to have a jury decide guilt and innocence, right to have a fair and impartial jury, by "wrong [jury] instructions on using fresh complaint." Habeas Petition 5–6. On March 22, 2007, Stephen O'Brien ("Respondent") filed a motion to dismiss the habeas petition.

 Prior to bringing a federal habeas claim, a petitioner is required to exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State ..."); *see also Baldwin v. Reese,* 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). In order to exhaust his claims in state court, the federal claims must be presented to the state court in such a way to be recognizable as federal claims. *Clements v. Maloney,* 485 F.3d 158, 162 (1st Cir.2007). Furthermore, in order to "fairly present" the claim, the petitioner must present the issue to the state's highest tribunal, which, in this case, is the Massachusetts Supreme Judicial Court. *See Mele v. Fitchburg Dist. Court,* 850 F.2d 817, 820 (1st Cir. 1988).

Here, Loughman's third claim has not been exhausted in the state courts and the petition is, therefore, a "mixed" petition. Nevertheless, the Court elects to proceed directly to the merits of the remaining claims pursuant to 28 U.S.C. § 2254(b)(2). 28 U.S.C. § 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State ...").

This Court may only grant a habeas petition if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States ..." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 405–07, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)(clarifying when a state court decision is a decision contrary to, or an unreasonable application of, clearly established federal law).

 Loughman's first claim, ineffective assistance of counsel, fails because a review of the record shows that counsel's performance was neither deficient nor did it fall below any objective standard of reasonableness. *See Strickland v. Washing-*

*ton,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court must review jury instructions as a whole. *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). While Loughman is correct that a misstatement in a deadlocked jury charge may require reversal because of the possibility that the judge is coercing a jury verdict, *United States v. Flannery,* 451 F.2d 880, 883 (1st Cir.1971), the trial judge's statement in this case, following a jury impasse on one count, that "it would be the preference of the court, if possible, to receive verdicts on all three counts at the same time" is not such a misstatement since it was followed by the standard *Tuey–Rodriquez* charge language. *See Commonwealth v. Rodriquez,* 364 Mass. 87, 98–100, 300 N.E.2d 192 (1973); *Commonwealth v. Tuey,* 62 Mass. 1, 8 Cush. 1, 2–3 (1851). In addition, the jury instructions make clear, as they must, that it was the jury's responsibility to decide whether or not the victim made her statement to the fresh complaint witness. The judge's comments did not give the appearance to the jury that he viewed the statement as having been made. *Commonwealth v. Kane,* 19 Mass. App.Ct. 129, 137–38, 472 N.E.2d 1343 (1984). Accordingly, it was not unreasonable for the Appeals Court to conclude that the jury instructions were correct. Because the instructions were correct, the ineffective assistance of counsel claim fails. *See, e.g., Rodriguez v. Russo,* 495 F.Supp.2d 158, 174 (D.Mass.2007) (Lindsay, J.).

■ Loughman did not testify during his trial. While it may have been improper for the prosecutor, during cross-examination of another witness, and in the jury's hearing, to ask that Loughman stand and show the tattoos on his arms, the trial judge denied this request. There was no prejudice. Loughman objects, as a violation of the privilege against self-incrimination, to the prosecutor's comments in the closing referring to Loughman's tattoos "up and down his arms" and stating to the jury, "You have good eyes. You took a look at him."

■ The Supreme Court has explained that "a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statement or conduct must be viewed in context; only by doing so can it be determined whether the prosecutor's conduct affected the fairness of the trial." *United States v. Young,* 470 U.S. 1, 11, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985); *see also United States v. Rodriguez–De Jesus,* 202 F.3d 482, 485 (1st Cir.2000)(listing factors to weigh in determining whether prosecutorial misconduct requires a new trial). There was testimony at trial from the victim regarding blood on Loughman's arm from an alleged suicide attempt the night following the events underlying the conviction. The Appeals Court thus reasonably could conclude that the extensiveness of Loughman's arm tattoos was relevant. Tattoos generally are not testimonial and it is not improper to draw attention to observable characteristics. *Commonwealth v. Poggi,* 53 Mass.App.Ct. 685, 688, 761 N.E.2d 983 (2002). In the context of the entire trial, the severity of the potential prosecutorial misconduct is slight, especially given the trial judge's instructions that the closing arguments were not evidence and the trial judge's denial of the prosecutor's improper request in front of the jury that Loughman bare his arms during a witness cross-examination. In sum, the Appeals Court's decision that the prosecutor's comments were grounded in admissible evidence and reasonably were within the prosecutor's right of retaliatory reply was not contrary to, or an unreasonable application of, clearly established Supreme Court decisional law.

Loughman's third ground concerns a "violation of Article six ... right to impartial jury."[1] Here, Loughman challenges the trial judge's jury instructions regarding the court's preference that all verdicts be reached together. This claim was not exhausted in state court. Moreover, as analyzed above, the jury instructions given following the jury's impasse on one count were not erroneous. For these reasons, this claim likewise fails.

■■■ Loughman's fourth claim challenges the jury instructions concerning the fresh complaint evidence, advancing it as an independent ground for relief as well as a basis for a finding of ineffective assistance of counsel in ground one of the habeas petition. Loughman did not object to this instruction at trial. *See* Tr. Vol. 2 at 30–34, 236–50. "Where the defendant fails to 'object in a timely manner at his state criminal trial' to errors he now asserts in his habeas petition, such failure 'may constitute an adequate and independent state ground sufficient to trigger the bar rule so long as the state has a consistently applied contemporaneous objection requirement and the state court has not waived it in the particular case by resting its decision on some other ground.'" *Rodriguez*, 495 F.Supp.2d at 169 (quoting *Burks v. Dubois*, 55 F.3d 712, 716 (1st Cir.1995)). If, however, "the petitioner can demonstrate cause for the default and prejudice stemming therefrom, or, alternatively, [if] the petitioner can show that a refusal to consider the merits of the constitutional claim will work a miscarriage of justice" then the federal court may consider the claim on habeas review. *Burks*, 55 F.3d at 716.

Massachusetts courts consistently have applied a contemporaneous objection requirement, whereby claims that are not objected to at trial are forfeited. *Rodri-*

*guez*, 495 F.Supp.2d at 169. In this case, the Appeals Court enforced this rule in its review as it examined and rejected the claim, not objected to at trial, by the "substantial likelihood of a miscarriage of justice" standard. Reviewing the claim pursuant to this standard is not a waiver of the contemporaneous objection requirement. *Horton v. Allen*, 370 F.3d 75, 81 (1st Cir.2004); *see also Rodriguez*, 495 F.Supp.2d at 170.

Thus, Loughman must prove both cause and prejudice, or miscarriage of justice, in order for this Court to consider this claim on habeas review. *See Burks*, 55 F.3d at 716. Here, Loughman is unable to do so. As analyzed above with respect to ground one, where the same claim was made as part of an ineffective assistance of counsel argument, the jury instructions that Loughman challenges concerning fresh complaint evidence were simply not erroneous. *Kane*, 19 Mass.App.Ct. at 138–39, 472 N.E.2d 1343. Therefore, no prejudice or miscarriage of justice is present. This ground also fails.

For the foregoing reasons, the motion of the Respondent to dismiss the petition is granted and the petition is dismissed. The clerk shall enter judgment for the Respondent.

SO ORDERED.

---

1. The Court presumes that Loughman makes this third claim not under "Article Six," but, rather, under the Sixth Amendment of the United States Constitution. U.S. Const. amend. VI.