## VOLKMOR v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.
June 11, 1926.)

No. 4568.

1. **Post office** ⬌50—Intent of defendant to defraud by use of mails held question for jury (Criminal Code, § 215 [Comp. St. § 10385]).

In a prosecution under Criminal Code, § 215 (Comp. St. § 10385), for using the mails to defraud, the intent of defendant to defraud when he mailed false financial statements *held*, under the evidence, a question for the jury.

2. **Criminal law** ⬌728(2)—Court should have reproved counsel for abusive argument, and give instruction to disregard, on its own motion.

Where district attorney, at different times in his argument, referred to defendant as a skunk, a weak-faced weasel, and a cheap, scaly, slimy crook, it was the court's duty, without any objection and on his own motion to reprove counsel, and instruct jury to disregard the remarks.

3. **Criminal law** ⬌729—Whether abuse of argument is corrected by withdrawal depends on whether or not the error was so serious that it likely affected the minds of the jury, despite the withdrawal.

Whether there has been a correction of abuse of argument by withdrawal of the objectionable parts depends on whether, on considering the whole case, the error appears to have been so serious that it likely affected the minds of the jury, despite the attempted correction by counsel or court.

4. **Criminal law** ⬌729—Personal abuse of defendant by counsel in argument, though the remarks were withdrawn, held error so egregious as to require reversal of a judgment of conviction.

Where counsel for the prosecution, in argument to the jury, indulged in personal abuse of defendant, but after repeated objections by his counsel and admonition by the court, without, however, sustaining the objections, withdrew the remarks, the error *held* so egregious as to require reversal of a judgment of conviction.

In Error to District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Criminal prosecution by the United States against Elmer L. Volkmor. Judgment of conviction, and defendant brings error. Reversed.

John Schlatter, of Toledo, Ohio (Schlatter, Donovan & Trier, of Toledo, Ohio, on the brief), for plaintiff in error.

D. C. Van Buren, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., and M. E. Evans, both of Cleveland, Ohio, on the brief), for the United States.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. Plaintiff in error was the owner of a chain of retail shoe stores in Ohio. In 1923 he was financially involved, and in an effort to procure further credits furnished through the mails to those from whom he desired to purchase merchandise statements of his assets and liabilities showing solvency, when in fact he was insolvent;

his assets being much less and his liabilities far greater than shown in the statements. He was indicted March 21, 1925, under section 215 of the Criminal Code (Comp. St. § 10385), and, having been convicted, prosecutes error on two grounds.

[1] The first is that the government did not make out its case, because it failed to show that the posting of the false statement was accompanied by an intent to defraud. A discussion of the evidence is not necessary to the disposition of this contention. Defendant knew the state of his own finances; he was insolvent when the statement was furnished; it was false, and was made to procure goods on credit. From these facts, with such explanation as defendant offered, the jury might or might not have inferred a fraudulent intent. Wuichet v. United States (C. C. A.) 8 F.(2d) 561.

The other ground presents a more serious question. It is based on the concluding argument of the assistant district attorney, during which the following occurred:

"Assistant District Attorney: A skunk is always a skunk; you can decorate him any way you want to.

"Mr. Schlatter: I object to that kind of argument.

"The Court: I presume you better confine your remarks to the evidence.

"Assistant District Attorney: I also presume you cannot make a rose out of an onion, no matter what you do. * * *

"Assistant District Attorney: Take a weak-faced weasel, such as the defendant—

"Mr. Schlatter: I object to that; that degrading form of argument.

"The Court: I do not believe I heard that.

"Mr. Schlatter: I am talking about his attitude. It is for the jury to determine from the evidence. He may call attention to any discrepancy or call attention to any truth or untruth; but this is an attempt to defame the defendant, and picture him as a lower animal, and it seems to me it is absurd under the facts of this case."

The assistant district attorney thereupon proceeded with his argument.

"Assistant District Attorney: —a cheap, scaly, slimy crook.

"Mr. Schlatter: Certainly this practice is entirely new to the practice in our section of the country.

"The Court: It is not what he thinks the defendant is—

"Assistant District Attorney: I think I have a right to answer these insinuations.

"The Court: I think you will make better progress by sticking to the facts of the case.

"Assistant District Attorney: All right; I will withdraw all those remarks."

[2] Admitting that these statements were wholly unjustifiable—as indeed must be done—the government contends that, as defendant failed to ask for exceptions, the error is not available. In the first place, there was no adverse ruling on the objections, and in that situation an exception was a matter of dubious propriety. But, even if there had been no objection, it was the duty of the court, on its own motion, to reprove counsel and to instruct the jury to disregard the remarks. This is not a case of inadvertence of statement, but of intentional abuse. It was only after repeated objections of counsel for defendant, and the court's admonition that "I think you will make better progress by sticking to the facts of the case," that the remarks were withdrawn. Neither the withdrawal nor the admonition could remove the effect of the error.

[3, 4] Whether there has been a correction of the abuse of argument by a withdrawal of the objectionable parts of it depends upon whether on considering the whole case the error appears to have been so serious that it likely affected the minds of the jury despite the attempted correction by counsel or court. Waldron v. Waldron, 156 U. S. 361, 15 S. Ct. 383, 39 L. Ed. 453; Graves v. United States, 150 U. S. 118, 14 S. Ct. 40, 37 L. Ed. 1021; Wilson v. United States, 149 U. S. 60, 13 S. Ct. 765, 37 L. Ed. 650. It is true that in Chadwick v. United States, 141 F. 225, 72 C. C. A. 343, Dunlop v. United States, 165 U. S. 486, 17 S. Ct. 375, 41 L. Ed. 799, and a number of other cases, it has been held that, if an objection is made to an improper argument, and the court sustains the objection, or counsel withdraws the improper remark, the error will generally be deemed to be cured. If, however, upon a consideration of the whole case, the error appears so egregious as to have affected the minds of the jury, despite the attempted correction, the verdict must be set aside. This case strikingly illustrates the justice of that rule.

The judgment reversed.