## UNITED STATES v. TARANTO.

District Court, E. D. Pennsylvania. April 26, 1928.

No. 2088.

**1. Criminal law ⬤⟶878(4)—Acquittal of selling liquor is not necessarily inconsistent with conviction of maintaining liquor nuisance on same evidence (National Prohibition Act [27 USCA]).**

Unlawful sale of liquor and maintaining common nuisance in violation of National Prohibition Act (27 USCA) are separate and distinct offenses, and verdict of acquittal under former charge is not necessarily inconsistent with conviction on latter on same evidence.

**2. Intoxicating liquors ⬤⟶236(9)—Evidence held to support conviction for maintaining liquor nuisance (National Prohibition Act [27 USCA]).**

Evidence showing sale of whisky and possession of bottle containing whisky *held* sufficient to support conviction for maintaining common nuisance, in violation of National Prohibition Act (27 USCA).

**3. Criminal law ⬤⟶878(4)—Jury may convict on one count and acquit on another, though it is within their province to convict on both on same evidence.**

It is permissible for jury to convict on one count and acquit on another, where it is also within their province to convict on both counts on same evidence.

**4. Criminal law ⬤⟶1171(1)—Prosecuting attorney's statement to jury not to let defendant's attorney hoodwink them into returning verdict of not guilty held not prejudicial, so as to require new trial.**

In prosecution for violating National Prohibition Act (27 USCA), assistant district attorney's remark to jury that they should not let defendant's attorney hoodwink them into returning verdict of not guilty *held* not prejudicial, so as to require new trial, but rather a tribute to clever and earnest argument of defendant's attorney.

Frank Taranto was found guilty on counts of an indictment charging possession of whisky and maintaining a nuisance, and not guilty on a count charging sale of whisky, and he moves for new trial. Motion denied.

George W. Coles, U. S. Atty., and Franklin J. Graham, Asst. U. S. Atty., both of Philadelphia, Pa.

A. Lincoln Meyers, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The defendant was charged with violation of the National Prohibition Act (27 USCA) in an indictment containing three counts, charging, respectively, the sale of whisky, the possession, with intent to sell, of 37 bottles of beer

and one-half pint of whisky, and maintaining a common nuisance at the Seven Star Hotel at Village Green, Delaware county, where intoxicating liquor, to wit, beer and whisky, was sold, kept, and bartered.

At the trial there was testimony to the effect that two prohibition agents had purchased two drinks of whisky from the defendant, for which they paid $1; that two days later, upon a search of the premises under a search warrant, the agents found and confiscated a bottle containing a small quantity of whisky, and 37 bottles of unlabeled beer. At the trial, the district attorney offered the whisky in evidence, but withdrew the bottles of beer, because he was unable to prove their alcoholic content at the time of the seizure. The jury returned a verdict of "not guilty" upon the count charging sale, and "guilty" upon the counts charging possession and maintaining a nuisance.

[1-3] It is contended that the verdict was inconsistent and unjustifiable, because, the jury having acquitted the defendant of sale, the only evidence of maintaining a nuisance was that of unlawful possession of the whisky. Assuming for the purpose of discussion that the mere possession of whisky in a hotel would not be sufficient evidence upon which to convict for maintaining a nuisance, the jury had before them on the nuisance charge the further evidence of sale. Unlawful sale of liquor and maintaining a common nuisance in violation of the National Prohibition Act are separate and distinct offenses, and a verdict of acquittal upon the former charge is not necessarily inconsistent with conviction upon the latter on the same evidence. The court is not called upon to justify the conclusions the jury reached in acquittal on the count charging a sale. It is sufficient in the determination of the case to say that the evidence which was adduced at the trial, if believed, justified the conclusion of a violation of the act in respect to the provision making it a crime to maintain a common nuisance.

It is permissible for a jury to convict on one count and acquit on the other, where it is also within their province to convict on both counts on the same evidence. Boone v. United States (C. C. A.) 257 F. 963; Panzich v. United States (C. C. A.) 285 F. 871; certiorari denied, 262 U. S. 749, 43 S. Ct. 524, 67 L. Ed. 1213; Carrignan v. United States (C. C. A.) 290 F. 189; Baldini v. United States (C. C. A.) 286 F. 133; certiorari denied 262 U. S. 749, 43 S. Ct. 524, 67 L. Ed. 1214; Bossio v. United States (C. C. A.) 16 F.(2d) 57. The jury had before

it, therefore, in sustaining the nuisance charge, the evidence of the sale of whisky and of the possession of a bottle containing whisky.

[4] The defendant's attorney assigns the following as another reason for the new trial: "The learned trial judge erred in declining to warn the members of the jury not to pay any attention to the prejudicial remarks of Franklin J. Graham, Esq., the learned assistant district attorney, when, among other things, he stated to the jury in his closing speech: 'Don't let Mr. Meyers hoodwink you into returning a verdict of not guilty.'"

I have no recollection of having declined a request to warn the jury. If I did, it was because I did not regard the admonition of the assistant district attorney, under the circumstances of the trial, to have been prejudicial to the defendant, but rather a tribute to the clever and earnest argument of the defendant's attorney. The incident in my judgment must be classified as "de minimis," and not within the category of prejudicial remarks, such as were considered in Volkmor v. United States (C. C. A.) 13 F.(2d) 594, cited on behalf of the defendant.

Motion for a new trial denied.