**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph Miller CALVERT, Defendant-
Appellant.**

**No. 73-2165.**

United States Court of Appeals,
Sixth Circuit.

Argued April 15, 1974.

Decided June 20, 1974.

**410**

Avon N. Williams, Jr., Nashville, Tenn., for defendant-appellant.

Joe B. Brown, Asst. U. S. Atty., for plaintiff-appellee; Charles H. Anderson, U. S. Atty., M. D. Tenn., on brief.

Before PECK, McCREE and LIVELY, Circuit Judges.

PER CURIAM.

The defendant-appellant came on for trial before a jury under a nine-count indictment charging mail fraud violations under 18 U.S.C. § 1341. The jury returned a verdict of guilty on all nine counts, and this appeal followed the imposition of sentence.

The Government's evidence established that appellant operated a business through a Nashville, Tennessee, post-office box where he received mail under the names of Calvert Numismatics, Calvert Coins, Madison Antiques, Madison Printing Service, and Music City Sales, during the period covered by the indictment. A postal inspector testified that he specifically advised appellant that his advertising was improper and could be a violation of the mail fraud statute, and some ten witnesses testified that subsequent to the date of that conversation they purchased coins from appellant concerning which they had been attracted by advertising material received by mail which misrepresented the coins in question.

Appellant contends that the trial court interposed three erroneous rulings at trial concerning proffered evidence, but we find it necessary to herein consider only one such contention. An agent of the Tennessee Bureau of Criminal Identification, in testifying as to fingerprints found on some of the envelopes received by alleged victims of the fraudulent activities of the appellant, identified the fingerprints as being those of the defendant by comparing them to fingerprints on a card on file with his agency bearing a date of 1962, some ten years prior to the period of the offenses alleged in the indictment. No testimony had been received indicating that appellant had a previous criminal record, and the impropriety of the use of the Bureau of Identification card for comparison is underscored by the fact that the expert who testified had in his possession a set of appellant's fingerprints which were made at the time of the arrest on the charge in question. Additionally, counsel for the appellant had offered at trial to stipulate that the envelopes were mailed from appellant's address, from which circumstance he contends that the fingerprint evidence was superfluous.

The appellee urges that the evidence of appellant's guilt was so overwhelming that any error with reference to the use of the Bureau of Identification card could not have affected appellant's "substantial rights" and should therefore be disregarded under Rule 52(a), Federal Rules of Criminal Procedure. If indeed the evidence was as overwhelming as appellee would have us

believe, the introduction of this improper evidence, carrying with it the implication of appellant's previous difficulties with the law, can only be regarded as overkill on the part of the Government. The jury deliberated a total of twelve hours before returning its verdict, and particularly in that circumstance we cannot conclude the admission of the questioned evidence to be harmless error.

The judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent herewith.