UNITED STATES of America,
Plaintiff-Appellee,

v.

Isham Eddie PERRY,
Defendant-Appellant.

No. 74–2088.

United States Court of Appeals,
Sixth Circuit.

March 19, 1975.

Herbert Allen Thornbury, Chattanooga, Tenn. (Court-appointed), for defendant-appellant.

John L. Bowers, U. S. Atty., Ray H. Ledford, Chattanooga, Tenn., for plaintiff-appellee.

Before PECK and McCREE, Circuit Judges, and MILES,* District Judge.

PER CURIAM.

This is a direct appeal from a jury conviction of unlawful possession and forgery of United States Treasury checks in violation of 18 U.S.C. §§ 495, 1708. Appellant presents three contentions of error.

Before the jury was selected, the district judge, in his orientation of the prospective jurors, said, "Mr. Perry is charged in a four-count indictment with having violated the laws of the United States relating to the possession and forgery of treasury checks." However, the U. S. Attorney was not prepared to proceed on two of the four counts, and since he had not so advised the judge before

---

* The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation.

trial, he requested a bench conference and told the judge that the government would proceed on two counts only. The judge then explained to the jury that the trial would involve the "first and second counts only." The record shows that approximately a week before the trial was to begin, the U. S. Attorney's office had decided to proceed on only counts one and two of the indictment because of the unavailability of a key witness. At the close of the government's case, appellant moved to dismiss the charges because the jury had learned through the United States Attorney's neglect and because of oblique references by prosecution witnesses that another check was involved in the third and fourth counts. The district judge denied the motion but directed a verdict of acquittal on the third and fourth counts.

Appellant contends the court should have dismissed all the charges. If the trial had been free from error in other respects, we might have regarded the disclosure to the jury of counts three and four as harmless.

However, appellant contends that other prejudicial errors occurred at trial. He took the stand to testify in his own behalf and, on cross-examination, was asked by the government attorney whether he was a "member of what is called the Dixie Mafia out in East Ridge." The district judge sustained an objection to this question.

Also, on cross-examination, appellant was asked whether he had illegally signed any other checks. After eliciting the expected negative answer, the U. S. Attorney recalled to the stand a Secret Service Agent who testified that the defendant had endorsed another U. S. Treasury check using another person's name. The government contends that it properly introduced the agent's testimony for the purpose of impeaching appellant's credibility.

We have stated in other cases our concern about the practice of prosecutors deliberately injecting inadmissible prejudicial evidence into criminal trials and thereby jeopardizing otherwise strong cases. See, e. g., United States v. O'Donnell, 510 F.2d 1190 (1975) (concurring opinion); United States v. Smith, 500 F.2d 293 (6th Cir. 1974); United States v. Calvert, 498 F.2d 409 (6th Cir. 1974); United States v. Nemeth, 430 F.2d 704 (6th Cir. 1970).

In this case, the prosecutor committed several improprieties that either were not corrected or were not susceptible of correction by the district judge, and combined to affect adversely appellant's substantial rights. Rule 52(a) Federal Rules of Criminal Procedure.

The major error was the prosecutor's questioning of the defendant about other instances of unauthorized check endorsements and his efforts to prove such misconduct by rebuttal testimony. Mr. Justice Jackson, writing for the Court in Michelson v. United States, 335 U.S. 469, 475, 69 S.Ct. 213, 219, 93 L.Ed. 168 (1948), observed that: "Courts that follow the common-law tradition almost unanimously have come to disallow resort by the prosecution to any kind of evidence of a defendant's evil character to establish a probability of his guilt." The prosecution may not show in its case-in-chief defendant's "prior trouble with the law, specific criminal acts, or ill name among his neighbors." Accordingly, if a defendant does not take the stand, the prosecutor may not establish that the defendant committed other misdeeds (whether amounting to a conviction or not). The reason for this limitation is that such collateral evidence would "weigh too much with the jury and . . . so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." 1 Wigmore, Evidence (3d ed., 1940) § 57.

However, if the defendant takes the stand to testify on his own behalf, he may be cross-examined about prior convictions for the limited purpose of impeaching his testimony. But, with the exception noted below, the defendant may be impeached by prior convictions only. Thus, in United States v. Yarbrough, 352 F.2d 491 (6th Cir. 1965), we

vacated a kidnapping conviction because the prosecutor asked whether defendant had been indicted for an attempt to ravish. Judge Weick, speaking for the court, said "it is well established in federal courts that it is reversible error to permit inquiry into defendant's prior indictments which did not result in convictions. . . . Only a conviction for a felony may be asked about to impeach a defendant's credibility." 352 F.2d at 493, citing United States v. Pennix, 313 F.2d 524 (4th Cir. 1963).

An exception to the rule that a defendant may be impeached only by prior convictions exists if the defendant attempts affirmatively to prove his good character. In some cases, the defendant may want to introduce testimony that "the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged." *Michelson, supra,* at 476 of 335 U.S., at 219 of 69 S.Ct. If the defendant attempts to prove his good name, the prosecution may rebut this effort with contradictory witnesses. *Cf.* Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954).

■ In this case prejudicial error was injected into the trial in two respects. First, the prosecutor sought to impeach the appellant's credibility by asking him whether he had signed other checks without authorization. This was improper because it was not an inquiry about forgery convictions and appellant had not attempted to establish his good char-acter. Second, the prosecutor used a rebuttal witness to prove appellant's misconduct on another occasion, although appellant had not put into issue his good character, and the prosecutor could not introduce the issue by his question.

■ The district judge acted properly in sustaining the objection to the prosecutor's question about the Dixie Mafia. However, the U. S. Attorney should have been well aware of the legal irrelevance and prejudicial effect of this question. The Code of Professional Responsibility of the American Bar Association states the matter in this way; "In appearing in his professional capacity before a tribunal, a lawyer shall not: . . . (2) Ask any question that he has no reasonable basis to believe is relevant to the case and that is intended to degrade a witness or other person. . . ." American Bar Association, Code of Professional Responsibility, Disciplinary Rule 7–106(C)(2), p. 88 (1969).

In Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), the Supreme Court stated that the U. S. Attorney's duty to the public and the defendant obliges him to seek justice rather than convictions.[1] The prosecutor in this case appears to have been preoccupied with seeking the latter rather than the former. His conduct requires reversal of what otherwise would likely have been an untainted conviction.

Reversed and remanded for a new trial.

---

1. The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.
295 U.S. at 88, 55 S.Ct. 629, 79 L.Ed. 1314.