**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Raymond LOVE, a/k/a Mr. Love and Mr. Lau, Defendant-Appellant.**

No. 75–1984.

United States Court of Appeals, Sixth Circuit.

Argued March 30, 1976.

Decided May 5, 1976.

David M. Hartsook, Howell, Mich. (Court-appointed), for defendant-appellant.

Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., Robert H. Plaxico, Dept. of Justice, William Otis, Washington D. C., for plaintiff-appellee.

Before PHILLIPS, Chief Judge and McCREE and LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of conviction of transmitting in interstate commerce a communication containing a threat to injure another person in violation of 18 U.S.C. § 875(c). The jury found appellant guilty on two counts, and not guilty on four counts of a six count indictment. The district judge suspended a custodial sentence, placed appellant on probation for two years, and fined him $300.

Appellant was an employee of the National Account System, a debt collection company located in Chicago, Illinois, and the Government showed that appellant made several telephone calls to George Vichos in Detroit in the course of attempting to collect a Las Vegas gambling debt. The calls conveyed thinly veiled threats of physical injury to Vichos and his family. The Government also introduced statements that appellant made to government investigators that National Account System policy was to treat debtors as "animals" and to intimidate them in order to obtain payment.

Appellant presents the following issues on appeal: (1) whether the evidence was sufficient to support the conviction, (2) whether the statements that appellant made to government investigators were properly admitted at trial, (3) whether appellant's trial attorney provided reasonably effective assistance, and (4) whether the government attorney's question to appellant on cross-examination asking whether appellant's employer was connected with the Mafia constituted plain error.

■ Although there is sufficient evidence from which the jury could find that appellant communicated threats of injury, as charged in the two counts in which appellant was found guilty, reversal is required because the prosecutor intentionally and for no proper purpose injected into the trial the spectre of organized crime and the Mafia. This prosecutorial misconduct, by itself, requires reversal of appellant's conviction.

■ We have stated in many recent opinions that a prosecutor's overzealousness may jeopardize a conviction in an otherwise strong case. *United States v. Leon*, 534 F.2d 667 (6th Cir. 1976); *United States v. O'Donnell*, 510 F.2d 1190, 1195 (6th Cir.) (concurring opinion), *cert. denied*, 421 U.S. 1001, 95 S.Ct. 2400, 44 L.Ed.2d 668 (1975); *United States v. Smith*, 500 F.2d 293 (6th Cir. 1974); *United States v. Calvert*, 498

F.2d 409 (6th Cir. 1974). We recognize that a United States Attorney should "prosecute with earnestness and vigor," but it also is "his duty to refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314, 1321 (1935). As we said in *United States v. Perry,* 512 F.2d 805, 807 (6th Cir. 1975) (a case in which among other errors the prosecutor asked if defendant was a member of the "Dixie Mafia," a locution similar to that employed here), "the U. S. Attorney's duty to the public and the defendant obliges him to seek justice rather than convictions."

The government strike force attorney's question whether the National Account System was part of another organization "of ill character like Mafia or anything like that" injected into the trial a highly prejudicial suggestion that appellant was part of a widely publicized enterprise reputedly involved in organized crime. The district judge properly reprimanded the attorney for asking such a question. In open court the following colloquy occurred:

> THE COURT: What possible excuse have you got in this case for suggesting there was some connection with the Mafia?
>
> MR. DANA: I didn't. I said they were not part of it.
>
> THE COURT: The objection is sustained. Even the suggestion is out of line. Objection is sustained.
>
> MR. JACKSON: I would like a side bar.
>
> THE COURT: No, it is obviously so irrelevant to this lawsuit I am sure the jury will totally disregard it. Go ahead. I won't grant a mistrial but I would caution the Government not to be too aggressive either. You are accusing this man of being aggressive and when you— you understand what I am saying exactly. Continue with your questioning.

■ Although the district judge made a valiant effort to neutralize the prejudice injected by the government attorney, we believe that since the jury found appellant not guilty of four counts of the indictment and guilty of only two counts, and since the

evidence is susceptible to an interpretation of innocent behavior, we cannot regard the prejudice as harmless. Due process does not require perfect trials but it mandates fair ones.

■ With respect to appellant's contention that the district court erred in admitting statements made by appellant to government investigators, we have reviewed the record and briefs and determine that the district court's findings that appellant was not promised immunity or leniency and that his statements were given voluntarily are supported by the evidence.

The judgment of conviction is reversed.